**UNITED STATES**

v.

**Airman First Class Frederick H. SARILE, FR 401–88–0843, United States Air Force.**

**ACM 22593.**

U. S. Air Force Court of Military Review.

21 March 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens, Captain Robert P. Hailey and Captain Willard K. Lockwood.

Appellate Counsel for the United States: Colonel James P. Porter and Captain James R. Van Orsdol.

Before EARLY, POWELL and ARROWOOD, Appellate Military Judges.

**DECISION**

PER CURIAM:

Tried by general court-martial, military judge alone, the accused was convicted, despite his pleas, of wrongful introduction of marijuana into a military base, selling marijuana and transferring marijuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The approved sentence extends to a bad conduct discharge, confinement at hard labor for one year and three months, forfeiture of $200.00 per month for 15 months and reduction to airman basic.

Appellate defense counsel assert that the military judge erred in permitting the prosecution to introduce statements made by the accused, as well as the fruits of those statements, without a preliminary showing that the statements were voluntarily made.* We disagree.

The facts adduced at trial do not support counsel's assertion. It appears that the accused was interviewed by an agent of the Air Force Office of Special Investigations (OSI) concerning drug smuggling by members of his squadron. The accused denied involvement but implicated an Airman Rivera. Rivera was subsequently interviewed by the OSI, and he related that the accused asked him to take some marijuana to Kadena Air Base for sale there, that he agreed, and that the accused provided the marijuana, which was sold and the profits divided between the two. Later, at the instigation of the OSI, Rivera set up a controlled buy with the accused.

The only information concerning the interviewing of the accused by the OSI came during cross-examination of the OSI agent by defense counsel. Nothing incriminating the accused from this interview was used at trial. Hence, the circumstances of the interview were not developed at trial. From what appears on the record, it appears that the accused was not considered a suspect by the OSI, and nothing other than the names of possible suspects were produced by the interview. Since the accused made no incriminating statements at that time, and, since no statement of the accused was used against him at trial, there was no need for the prosecution to make a preliminary showing of voluntariness. Article 31, Code, 10 U.S.C. § 831, *supra*; *United States v. Dohle*, 1 M.J. 223 (C.M.A.1975). Further, defense counsel made no objection to Rivera's testimony or raised the issue of voluntariness in any way. *Cf. United States v. Waller*, 3 M.J. 32 (C.M.A.1977). Thus, we find nothing that would require such a showing of voluntariness to be made.

---

* Appellate defense counsel have filed a supplemental assignment challenging the sufficiency

The findings of guilty and the sentence are

AFFIRMED.

of the evidence as to specifications 1 and 2. We find this assertion to be without merit.